CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
6/24/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Case No. 1:20CR00023-001 |
| v. : | |
| : | Violations: 18 U.S.C. § 1347 |
| **MICHAEL NORMAN DUBE** : | |
| : | |

# INFORMATION

## INTRODUCTION

The United States Attorney charges and includes in Count One of this Information, that at times relevant to this Information:

**MICHAEL NORMAN DUBE's Exclusion from Federal Health Care Programs**

1. On September 15, 2010, a federal grand jury in the Eastern District of Tennessee indicted MICHAEL NORMAL DUBE ("DUBE") for sixteen counts of acquiring and obtaining possession of controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of 21 U.S.C. § 843(a)(3), and one count of knowingly and intentionally omitting material information from reports, records, and documents required to be kept under the Controlled Substances Act, in violation of 21 U.S.C. § 843(a)(4)(A).

2. On January 11, 2011, a federal grand jury sitting in the Eastern District of Tennessee returned a true bill for a superseding indictment, which added fifteen

USAO No. 2020R00201                         1

counts of knowingly and intentionally omitting material information from reports, records, and documents required to be kept under the Controlled Substances Act, in violation of 21 U.S.C. § 843(a)(4)(A), and one count of knowingly and willfully making a false, fraudulent, and fictitious material statement and representation to the Drug Enforcement Administration, in violation of 18 U.S.C. § 1001.

3. On March 10, 2011, DUBE pled guilty to one count of knowingly and intentionally omitting material information from reports, records, and documents required to be kept under the Controlled Substances Act, in violation of 21 U.S.C. § 843(a)(4)(A), and one count of knowingly and willfully making a false, fraudulent, and fictitious material statement and representation to the Drug Enforcement Administration, in violation of 18 U.S.C. § 1001.

4. By letter dated June 29, 2012, the Department of Health and Human Services, Office of the Inspector General ("HHS-OIG") notified DUBE that, as a result of his convictions, he was excluded from participating in any capacity in Medicare, Medicaid, and any other federal health care programs as defined by § 1128B(f) of the Social Security Act, for a statutory period of five years. The June 29, 2012, letter also explained that reinstatement would not be automatic, and that DUBE would have to apply for (and be granted) reinstatement.

5. By virtue of the exclusion, DUBE could not participate in any Federal health care program including, but not limited to, by (a) providing items or services,

including administrative and management services, payable by Federal health care programs and (b) participating in billing activities or management of a business that bills Federal health care programs for items or services.

### American Toxicology Labs LLC

6. In May of 2013, DUBE and his wife, Regan Dube ("Regan"), established American Toxicology Labs LLC ("ATL") as a Limited Liability Company in Tennessee, with Regan serving as the company's registered agent. DUBE and Regan designated their home address as ATL's principal office and mailing address.

7. On July 29, 2013, approximately one year after DUBE's exclusion from federal health care programs, DUBE and Regan opened a checking account on behalf of ATL. In doing so, DUBE and Regan both signed the account documents as an "Agent of American Toxicology Labs LLC."

8. On May 22, 2014, a Medicare credentialing service, on behalf of ATL, submitted a Medicare enrollment application package to the Centers for Medicare and Medicaid Services. Regan's name was signed on the application as the "Authorized Official" of ATL, which certified that the information in the application was "true, correct, and complete."

9. Section 3 of the Medicare application, entitled "Final Adverse Legal Actions/Convictions, Exclusions, Revocations or Suspensions," sought to uncover

USAO No. 2020R00201                3

any adverse history regarding the organization. Section 3 required applicants to report "[a]ny suspension or exclusion from participation in, or any sanction imposed by a Federal or State healthcare program, or any debarment from participation in any Federal Executive Branch procurement or non-procurement program." The submitted application indicated that there was "No" such history.

10. Section 6 of the Medicare Application, entitled "Ownership Interest and/or Managing Control Information (Individuals)," required applicants to disclose individuals who had ownership interest and/or managing control of the organization. The individuals who had to be disclosed included "Managing Employees," which were defined in the application as any "general manager, business manager, administrator, director, or other individual, who exercises operational or managerial control over, or who directly or indirectly conducts the day-to-day operations of the supplier, either under contract or through some other arrangement." DUBE's name was not listed in Section 6 of the submitted application.

11. Section 6 of the Medicare application also asked, "Has this individual in Section 6A above, under any current or former name or business identity, ever had a final adverse legal action listed on page 13 (Section 3: Final Adverse Actions/Convictions) of this application imposed against him/her?" The answer provided in the submitted application was "No."

12. On September 20, 2014, DUBE and Regan opened a second ATL bank account. Both DUBE and Regan signed the account documents as agents of ATL.

13. In 2014, ATL also submitted an enrollment application to Virginia Medicaid.

14. The Virginia Medicaid application included the following question: "Has any individual or contractor connected with your practice ever been convicted or assessed fines or penalties for any health related crimes or misconduct, or is excluded from any Federal or State health care program due to fraud, obstruction of an investigation, a controlled substance violation or any other crime or misconduct?" The answer provided in the submitted application was "No."

15. ATL's Medicare and Medicaid applications were ultimately approved.

### ATL's Fraudulently Obtained Medicare and Medicaid Funds

16. ATL billed health care benefit programs for analyzing urine samples for drug screenings ordered by providers in the Western District of Virginia and elsewhere.

17. Health care benefit programs, including Medicare, Virginia Medicaid, and TennCare paid for the screenings.

18. Between May 1, 2014, and January 31, 2020, Medicare, Virginia Medicaid, and TennCare made payments to ATL that totaled approximately $6.8 million.

USAO No. 2020R00201                5

19. During this period of time, DUBE made employment decisions, negotiated business arrangements with providers, and otherwise participated in the management of ATL. DUBE also provided services, including picking up urine samples for ATL.

20. In addition, from on or about May 1, 2015, to December 5, 2017, DUBE knowingly received payments (i.e., "kickbacks") from third-parties, for referring individuals to those third-parties for services for which payment was made in whole or in part by federal health care benefit programs. These payments were deposited into DUBE and Regan Dube's personal checking account in a total amount of $441,646.36.

21. Because DUBE has been excluded from federal and state health care benefit programs since 2012 and participated in the management and operation of ATL throughout its existence all amounts paid to ATL by Medicare, Virginia Medicaid, and TennCare were obtained fraudulently.

## COUNT ONE

The United States Attorney charges that:

1. From on or about May 1, 2014, through on or about January 31, 2020, in the Western District of Virginia and elsewhere, DUBE knowingly and willfully executed and attempted to execute a scheme and artifice to defraud health care benefit programs and to obtain, by means of false and fraudulent pretenses,

representations, and promises, any of the money and property owned by, and under the custody and control of, health care benefit programs.

2. From on or about May 1, 2014, through on or about January 31, 2020, in the Western District of Virginia and elsewhere, DUBE knowingly and willfully caused American Toxicology Labs LLC to submit claims for services to Medicare, Virginia Medicaid, and TennCare, and received payment to which American Toxicology Labs LLC was not entitled, by fraudulently representing that no excluded individuals were participating in the business when, in fact, DUBE was participating in the business.

3. All in violation of Title 18, United States Code, Section 1347.

## NOTICE OF FORFEITURE

1. The Introduction and Count One of this Information are re-alleged and made part of this Notice.

2. Upon conviction of the felony offense alleged in this Information, DUBE will forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3. The property to be forfeited to the United States includes, but is not limited to, the following:

a. **Bank and Investment Accounts, all funds received and on deposit as set forth below:**

|   | Bank | Account Name | Account # | Amount |
|---|------|--------------|-----------|--------|
| (1) | Bank of Tennessee Checking Account (seized cash) | Michael Dube | 7224397 (CATS No. 20-FDA-000053) | $262,520.84 |
| (2) | Bank of Tennessee Checking Account (seized cash) | Michael Dube | 7224389 (CATS No. 20-FDA-000054) | $101,335.30 |
| (3) | Bank of Tennessee Checking Account (seized cash) | American Toxicology Labs LLC | 7224362 (CATS No. 20-FDA-000052) | $6,250.22 |

b. **Monetary Judgment:** Not less than $5,000,000.00 in United States currency, and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

DATE: June 23, 2020

*[signature]*
THOMAS T. CULLEN
United States Attorney