CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
6/24/2020
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No.  1:20CR00022, 1:20CR00023 |
| | : |
| MICHAEL NORMAN DUBE | : |

## PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

#### 1. The Charges and Potential Punishment

My attorneys have informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I agree to plead guilty to two Informations, which are charges brought by the United States Attorney as opposed to one returned by a Grand Jury. I am waiving and giving up my right to be charged by Indictment and have a Grand Jury vote on my probable guilt.

I will enter a plea of guilty to (a) Count 1 of an Information filed in the Western District of Virginia (WDVA) and (b) Count 1 of an Information filed in the Eastern District of Kentucky (EDKY). I agree and consent to the transfer of jurisdiction to the Western District of Virginia pursuant to Rule 20 of the Federal Rules of Criminal Procedure of the charge from the Eastern District of Kentucky to which I will enter a plea of guilty.

Count 1 (WDVA) charges me with health care fraud, in violation of 18 U.S.C. § 1347. The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a

*Defendant's Initials:* MND

Page 1 of 19

term of ten years, plus a term of supervised release of three years.

Count 1 (EDKY) charges me with health care fraud, in violation of 18 U.S.C. § 1347. The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of ten years, plus a term of supervised release of three years.

I understand restitution will be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. I agree all of the facts and allegations in the Informations are true and correct.

There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

## 2. Waiver of Constitutional Rights Upon a Plea of Guilty

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

   a. The right to plead not guilty and persist in that plea;
   b. The right to a speedy and public jury trial;
   c. The right to assistance of counsel at that trial and in any subsequent appeal;
   d. The right to remain silent at trial;
   e. The right to testify at trial;
   f. The right to confront and cross-examine witnesses called by the government;
   g. The right to present evidence and witnesses in my own behalf;
   h. The right to compulsory process of the court;
   i. The right to compel the attendance of witnesses at trial;
   j. The right to be presumed innocent;
   k. The right to a unanimous guilty verdict; and
   l. The right to appeal a guilty verdict.

*Defendant's Initials:* MND

## B. SENTENCING PROVISIONS

### 1. General Matters

I understand the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I will not be eligible for parole during any term of imprisonment imposed. I understand the Court is not bound by any recommendation or stipulation contained in this agreement and may sentence me up to the statutory maximum. I understand I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

I understand if the sentence is more severe than I expected, I will have no right to withdraw my plea. I have discussed sentencing issues with my attorneys and realize there is a substantial likelihood I will be incarcerated.

### 2. Sentencing Guidelines

I stipulate and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2018 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense(s). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that (a) no enhancement or reduction should apply for role in the offense pursuant to §§ 3B1.1 or 3B1.2 and (b) the following guideline sections are applicable to my conduct:

| | | |
|---|---|---|
| 2B1.1(a)(2) | 6 | Base Offense Level |
| 2B1.1(b)(1)(J) | + 18 | Loss More Than $3.5 Million And Not More Than $9.5 Million |
| 2B1.1(b)(7) | + 3 | Loss to Government Health Care Programs Exceeded $7 Million |

Defendant's Initials: _MND_

I understand other guideline sections may be applicable to my case and the United States and I will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

I agree to accept responsibility for my conduct. If I comply with my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b), for purposes of any guidelines calculation. However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility. In addition, I understand and agree the United States will have a continuing objection to me receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing, if called upon to testify. I agree the United States will not be required to make any other notice of its objection on this basis.

### 3. Substantial Assistance

I understand the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given.

### 4. Monetary Obligations

#### a. Total Amount

I agree to pay $8,994,946.64 (eight million nine hundred ninety-four thousand nine hundred forty-six dollars and sixty-four cents), plus interest on any amounts not paid in full at the time of sentencing, to be divided between special assessments, fine, restitution, and forfeiture as described herein. I understand that, other than the fine and special assessment, all of my financial obligations will be joint and several with Regan Dube. The United States agrees that payment of the amount set forth above will satisfy my fine, restitution, forfeiture, and special assessment obligations in regard to this matter.

Defendant's Initials: _MND_

### b. Special Assessment

I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $200 for the total amount due for mandatory assessments prior to entering my plea of guilty.

### c. Initial Payment

I agree, upon entry of my guilty plea, to liquidate all of the assets identified in section C below that are to be liquidated and applied to my forfeiture money judgment and restitution. If the total of the funds recovered from this liquidation plus the money in previously seized bank accounts to be forfeited as identified in section C below is less than $4,700,000 (four million seven hundred thousand dollars), I agree to pay to the United States, prior to my sentencing, the amount necessary to make the total payments made by sentencing equal $4,700,000 (four million seven hundred thousand dollars).

### d. Fine

I agree to pay a fine in the amount of $20,000.00 (twenty thousand dollars). I understand this obligation is separate and apart from my obligation to (1) pay restitution and the forfeiture money judgment, and (2) forfeit assets.

### e. Restitution

I agree to pay restitution totaling $8,533,100.28 (eight million five hundred thirty-three thousand one hundred dollars and twenty-eight cents) to the following entities and in the following amounts:

| | |
|---|---|
| $6,093,097.02 | Medicare |
| $1,756,950.34 | Kentucky Medicaid |
| $ 676,197.69 | TennCare |
| $ 6,855.23 | Virginia Medicaid |

I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

I fully understand restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant.

*Defendant's Initials:* MMD

Although the United States will have a lien on all of my property in the amount of my monetary obligations upon entry of the judgment in this case pursuant to law, at the entry of my guilty plea I will provide a lien to the United States on all of my assets as set forth in the Agreed Order for a Lien to secure any deferred payments. The lien will be reduced to the amount still due and owing as payments are made. I will notify the USAO as soon as reasonably practicable, in writing, of any event that would jeopardize my ability to pay any amounts due.

I agree, for any amounts of restitution or fine not paid in full on or before the day of my sentencing to pay interest at the rate of 3% per annum compounded daily.

f. **Forfeiture of Kickbacks**

I agree to forfeiture of $441,646.36 (four hundred forty-one thousand six hundred forty-six dollars and thirty-six cents) representing kickbacks paid to me by various third parties. This amount will be satisfied through the forfeiture of the assets identified in Section C below and a forfeiture money judgment in the amount of $71,540.00 to be paid prior to sentencing from restrained assets.

g. **Monthly Payments**

I agree to pay monthly payments of $65,000 (sixty-five thousand dollars) toward my financial obligations to the United States. This payment will be joint and several with Regan Dube. The payments will be made directly from the business entity MCC of Johnson City, of which I am an owner, so long as that business entity is operating. The first payment shall be due on the 15th day of the first month after the entry of my guilty plea and I will continue to make payments, whether incarcerated or not, until the full amount due has been paid. If there are material changes in financial circumstances, the United States will consider reasonable requests to change payment terms.



Defendant's Initials: _____

### h. Cooperate in Collection Efforts

I further agree to make good faith efforts toward payment of all mandatory assessments, restitution, forfeiture, and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution, forfeiture, and fines imposed in my case.

I understand and agree, in the event I fail to comply with obligations under this agreement, pursuant to 18 U.S.C. §§ 3613 and 3664(m), any monetary penalties imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. I understand if the Court imposes a schedule of payments, it does not supersede my obligation under this plea agreement to pay $65,000 per month until my financial obligations are paid in full.

I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

I expressly authorize the United States Attorney's Office to obtain a credit report on me in order to evaluate my ability to satisfy any financial obligation imposed by the Court.

I agree the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify and obtain permission from the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned

*Defendant's Initials:* _MND_

under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

### i. Duty Not To Convey Assets

I agree not to (1) convey anything of value to any person or entity or (2) encumber any asset without the authorization of the United States Attorney's Office.

### j. Understanding of Collection Matters

I understand:

1. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. FORFEITURE

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. I agree this Order of Forfeiture shall be entered by the Court

*Defendant's Initials:* MND

and shall be final at the time I enter my plea. To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

I agree to the entry of a forfeiture money judgment in the amount of $71,540.00, which shall be joint and several with Regan Dube. I agree to remit funds to the United States in satisfaction of the forfeiture money judgment as described below. I understand that these funds must be remitted in the form of certified funds made payable to the U.S. Marshals Service and are to be remitted to the U.S. Attorney's Office prior to my entry of a guilty plea in this case.

The following assets are to be forfeited:

1. $6,250.22 in U.S. currency seized from Bank of Tennessee Checking Account No. 7224362
2. $101,335.30 in U.S. currency seized from Bank of Tennessee Checking Account No. 7224389
3. $262,520.84 in U.S. currency seized from Bank of Tennessee Checking Account No. 7224397

I agree to cooperate in the liquidation of the following assets upon entry of my plea to pay the forfeiture money judgment set forth in the Order of Forfeiture and my restitution:

1. Edward Jones account No. 798-10371-1-7
2. Edward Jones account No. 798-20197-1-8
3. Edward Jones account No. 798-84203-1-6
4. Edward Jones account No. 798-84147-1-5
5. Edward Jones account No. 798-84148-1-4
6. Edward Jones account No. 798-84149-1-3
7. Edward Jones account No. 798-95754-1-5
8. Edward Jones account No. 798-95755-1-4
9. Edward Jones account No. 798-97636-1-5
10. BB&T Securities Account No. 24071353
11. BB&T Securities Account No. 56000126
12. BB&T Securities Account No. 11718480
13. BB&T Securities Account No. 89240499
14. TD Ameritrade Account No. 870-058096
15. Bank of Tennessee Account No. 7224400
16. Bank of Tennessee Account No. 1574951818
17. Bank of Tennessee Account No. 7224370

Defendant's Initials: _MND_

18. Bank of Tennessee Account No. 7224273
19. Bank of Tennessee Account No. 7224281
20. Bank of Tennessee Account No. 7224303
21. Bank of Tennessee Account No. 7224311
22. Bank of Tennessee Account No. 7224338
23. Bank of Tennessee Account No. 7224346
24. Bank of Tennessee Account No. 7224354
25. $100,000.00 from the Hanor Law Firm Attorney Trust Account
26. $694,260.00 currently in the custody of the U.S. Marshal obtained from Dube's safe deposit box
27. Escrow account *0565 at First Horizon Bank

The checks for the liquidation of these accounts for payment of my forfeiture money judgment in the amount of $71,540.00 shall be made payable to the U.S. Marshals Service and mailed to the U.S. Attorney's Office, Western District of Virginia, P.O Box 1709, Roanoke, Virginia, 24008-1709. The remaining amounts from the liquidation of these accounts shall be paid via check made to the Clerk, U.S. District Court.

Upon sentencing, the United States agrees not to seek forfeiture of the following assets currently restrained (however I agree to a lien being placed on these and all of my assets to secure any outstanding financial obligations):

1. 113 Sterling Springs Drive, Johnson City, TN
2. 414 E Watauga Avenue, Johnson City, TN
3. 501 E Watauga Drive, Johnson City, TN
4. 217 Sterling Springs Drive, Johnson City, TN
5. 246 Midway Medical Park, Bristol, TN
6. 415 E Watauga Avenue, Johnson City, TN
7. 503 E Watauga Avenue, Johnson City, TN
8. 103 Walnut Street W, Johnson City, TN
9. MCC of Johnson City, Inc. accounts at First Horizon Bank
10. ACC accounts at First Horizon Bank

I agree to cooperate fully in the forfeiture of the property to be forfeited. If applicable, I agree to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise

*Defendant's Initials:* MMD

effectuate forfeiture of the property. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I understand and agree that any monetary sum(s) the United States has agreed to release will be less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. ADDITIONAL MATTERS

### 1. Completion of Prosecution

So long as I fully comply with all of my obligations in this agreement, the United States Attorneys' Offices for the Western District of Virginia and the Eastern District of Kentucky agree not to further prosecute or pursue any action, criminal or civil, against me

*Defendant's Initials:* MND

for any other non-tax matters known to the prosecutors whose names are on this agreement at the time of the signing of this agreement.

## 2. Waiver of Presence of Counsel

I understand either of both of my attorneys may be present at any contact with any government personnel. However, by my signature below, I expressly waive the presence of counsel during such contacts and agree government personnel may contact me without the prior approval of my attorneys. At any time during such contacts with government personnel, I may request the presence of one or more of my attorneys and the contact will be suspended until one or more of my attorneys arrives or indicates that the contact may continue.

## 3. Waiver of Right to Appeal

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorneys not to file a notice of appeal. *Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorneys file a notice of appeal, as to any issue which cannot be waived, by law.* I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, a collateral attack based on ineffective assistance of counsel, or a motion seeking modification of financial obligations due to material changes in circumstances) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

## 4. Waiver of Right to Collaterally Attack

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; a collateral attack based on ineffective assistance of counsel; or a motion seeking modification of**

Defendant's Initials: _MMD_

financial obligations due to material changes in circumstances) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.

### 5. Information Access Waiver

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 6. Waiver of Witness Fee

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

### 7. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

### 8. Program Exclusion

Pursuant to this plea agreement, I agree to be excluded pursuant to 42 U.S.C. § 1320a-7(b)(7), from participation in Medicare, Medicaid, and all other Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f), commencing on the date this document is signed by the last party hereto. Such exclusion shall have national effect and shall also apply to all other Federal procurement and non-procurement programs. Federal health care programs will not pay for items or services billed by entities in which I participate, in any capacity. This payment prohibition applies to me, anyone who employs or contracts with me, and any hospital or other provider where I provide services. The exclusion applies regardless of who submits the claims or other request for payment. I waive any further notice of the exclusion and agree not to contest such exclusion either administratively or

*Defendant's Initials:* MMD

in any State or Federal court. Violation of the conditions of the exclusion may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. See 42 U.S.C. §§ 1320a-7a and 1320a-7b. I further agree to hold the Federal health care programs, and all Federal beneficiaries and/or sponsors, harmless from any financial responsibility for goods or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusion. Reinstatement to program participation is not automatic. If at the end of the period of exclusion, I wish to apply for reinstatement, I must submit a written request for reinstatement in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. I will remain excluded unless and until the OIG reinstates me pursuant to 42 C.F.R. §§ 1001.3001-.3005.

### 9. Guilty Plea by Regan Dube

I understand the United States entered into this agreement, in part, because of the expense the government was saved by not proceeding to trial. I understand if Regan Dube does not enter a guilty plea as agreed to in her plea agreement, the United States will not be bound by its obligations under this plea agreement.

### 10. Admissibility of Statements

I understand any statements I make (including this plea agreement, and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting (including during a proffer), may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

### 11. Additional Obligations

I agree to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, my knowledge of any criminal activity. I agree I will testify truthfully. I hereby waive any right I may have to refuse to answer any questions. I agree to be debriefed by law enforcement agents concerning any matter. I understand it is a felony offense to make false statements to law enforcement agents or to testify falsely.

I agree not to commit any of the following acts:

*Defendant's Initials:* mND

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing hearing or any other proceeding);
- refuse to answer any question;
- fail to comply with any reasonable request of the United States Attorney's Office; or
- fail to cooperate with law enforcement agents.

### E. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement

*Defendant's Initials:* MnD

void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia and the United States Attorney's Office for the Eastern District of Kentucky. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

### 2. Effect of My Signature

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

### 3. Effective Representation

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorneys and am fully satisfied with my attorneys and my attorneys' advice. At this time, I have no dissatisfaction or complaint with my attorneys' representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorneys' representation.

### 4. Misconduct

If I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than my sentencing hearing.

### 5. Final Matters

Defendant's Initials: _MN_

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorneys is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorneys will be free to argue any mitigating factors on my behalf, to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorneys for the Western District of Virginia and the Eastern District of Kentucky and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

*Defendant's Initials:* MJl

I have consulted with my attorneys and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 6-21-2020

Michael Norman Dube
Defendant

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

I understand I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: June 21, 2020

Martin Pinales, Esq.
Counsel for Defendant

Date: June 21, 2020

Stephanie Kessler, Esq.

Defendant's Initials: MND

Page 18 of 19

Counsel for Defendant

For the United States Attorney's Office, Western District of Virginia:

Date: 6/24/2020

Whitney D. Pierce
 Assistant United States Attorney
Janine Myatt
 Special Assistant United States Attorney
Krista Frith
 Assistant United States Attorney
Randy Ramseyer
 Assistant United States Attorney

For the United States Attorney's Office, Eastern District of Kentucky:

Date: 6/23/20

Andrew E. Smith
 Assistant United States Attorney
Gregory Rosenberg
 Assistant United States Attorney

*Defendant's Initials:* MND